UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETGEAR, INC.,<br>        Plaintiff,<br>   v.<br>REDZONE WIRELESS, LLC,<br>        Defendant. | Case No. 16-cv-06974-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO QUASH COMPLAINT FOR IMPROPER SERVICE AND TERMINATING MOTIONS**<br><br>[Re: ECF 10] |

Redzone Wireless LLC ("Redzone"), a Maine corporation, moves to quash the complaint in this declaratory judgment action for improper service. *See generally* Mot. Netgear, Inc. ("Netgear"), a California corporation, opposes the motion. *See generally* Opp'n, ECF 19. The Court heard argument on this motion and on Redzone's pending motion to dismiss on April 6, 2017. For the reasons discussed herein, the Court GRANTS Redzone's motion to quash service and TERMINATES the motion to dismiss WITHOUT PREJUDICE.

The Court lacks jurisdiction over defendants who have not been properly served. *SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Accordingly, Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a court to dismiss an action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(4)–(5). Rule 12(b)(4) enables the defendant to challenge the substance and form of the summons, and 12(b)(5) allows the defendant to attack the manner in which service was, or was not, attempted. When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process. *Lowenthal v. Quicklegal, Inc.*, No. 16-cv-3237, 2016 WL 5462499, at *14 (N.D. Cal. Sept. 28, 2016). "Dismissals for defects in the

form of summons are generally disfavored." *U.S.A. Nutrasource, Inc. v. CNA Ins. Co.*, 140 F. Supp. 2d 1049, 1052 (N.D. Cal. 2001).

On November 4, 2016, Netgear, through a process server, attempted to serve Redzone at 91 Camden Street, #300, Rockland, Maine. Mot. 2, ECF 10; Ex. B to Mathur Decl. ISO Opp'n to Mot. Quash ("Proof of Service"), ECF 19-3. The parties agree that the process server handed a copy of the summons and complaint in this action to Jimmy Hannan, a Redzone employee. Mot. 2; Opp'n 2.

Under Federal Rule of Civil Procedure 4(h), Netgear may demonstrate that service was proper under either California or Maine law, or pursuant to Federal Rule (4)(h)(1)(B). Fed. R. Civ. P. 4(h) (allowing a plaintiff to serve corporation in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant"). The latter is inapplicable, as neither party contends that Mr. Hannan was an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of Redzone. Thus, for service to be proper, it must have complied with either California or Maine law.

Under the California Code of Civil Procedure, a summons may be served on a corporation by delivering a copy of the summons and the complaint to (1) "the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code"; or (2) "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10. Redzone argues that the person to whom service was delivered here, Mr. Hannan, is not one of the persons identified in section 416.10 as able to accept service. Mot. 4. Netgear does not contest this assertion. Accordingly, the Court deems this argument conceded.

In relevant part, Maine Rule of Civil Procedure 4(d)(8) provides that service may be effected upon a domestic private corporation:

> by delivering a copy of the summons and of the complaint to any officer, director or general agent; *or, if no such officer or agent be found*, to any person in the actual employment of the corporation; or, if no such person be found, then pursuant to subdivision (g) of this Rule, provided that the plaintiff's attorney shall also send a copy of the summons and of the complaint to the corporation by registered or certified mail, addressed to the corporation's principal office as reported on its latest annual return . . . .

Me. R. Civ. P. 4(d)(8) (emphasis added). Redzone contends that Netgear's process server did not comply with Rule 4(d)(8) because the proof of service makes no mention of any attempts to locate and serve any officer, director, or general agent of Redzone before serving Mr. Hannan, an employee. Reply ISO Mot. 2, ECF 24. Moreover, Redzone argues that Netgear has submitted no declaration stating that anyone made a search for or could not locate any such officer, director, or general agent, before serving Mr. Hannan. *Id.* Perhaps recognizing this, Netgear emphasizes only that Maine law allows for service upon an employee. *See* Opp'n 3–4. Netgear, however, ignores the condition precedent found in Rule 4(d)(8): "if no such officer or agent be found." Having failed to satisfy the condition precedent through declaration or affidavit, the Court cannot agree that service complied with Maine law.

Moreover, the Court does not agree with Netgear's contention that the Court can "overlook" this technical defect in service because Redzone received actual notice of the lawsuit. Opp'n 4. In its papers, Netgear relies upon *Phillips v. Johnson*, 834 A.2d 938 (Me. 2003), and *In re Richard E.*, 978 A.2d 217 (Me. 2009). Neither case is persuasive, however, because in both of those cases, the court had previously granted the plaintiffs' motions for service by publication. *Phillips*, 834 A.2d at 945; *In re Richard E.*, 978 A.2d at 221. Thus, the court found that actual notice was sufficient despite the plaintiff's failure to comply with service requirements because the trial court had allowed for alternative service. Actual notice was the inquiry because, under Maine Rule of Civil Procedure 4(g)(1)(C), the method and manner of alternative service must be "reasonably calculated to provide actual notice." Me. R. Civ. P. 4(g)(1)(C). Here, the Court has not allowed Netgear to serve Redzone through alternative means, and Netgear has not moved for such relief. Thus, the inquiry is whether Netgear has complied with the service requirements

under Maine rules. It has not. Accordingly, the Court will GRANT Redzone's motion to quash service under Rule 12(b)(5).

The Court will nevertheless allow Netgear the opportunity to cure the service error by affording Plaintiff an extension of the 90-day service deadline set forth in Fed. R. Civ. P. 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (holding that courts have broad discretion to extend the time for service under Rule 4(m)); *see also Henderson v. United States*, 517 U.S. 654, 661 (1996) (the service period contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance"); *Mann v. Am. Airline*, 324 F.3d 1088, 1090 (9th Cir. 2003) ("Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint[.]"). Netgear shall file a proof of service with the Court **on or before May 15, 2017**. Failure to file a valid proof of service shall result in issuance of an order to show cause.

Also pending before the Court is Redzone's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). ECF 9. Because the Court grants Redzone's motion to quash service of the summons, the Court TERMINATES Redzone's motion to dismiss WITHOUT PREJUDICE. Redzone may re-notice the motion with the Court, if necessary, once service has been properly effected. If Redzone chooses to re-notice the motion, the parties shall stand on their briefing already submitted to the Court.

**IT IS SO ORDERED.**

Dated: April 17, 2017

BETH LABSON FREEMAN
United States District Judge

4